# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:21-cv-81865-AMC

DAVID RORIE,

Plaintiff,

vs.

SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA,

Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, DAVID RORIE

The Defendant, THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA, by and through its undersigned counsel, pursuant to Florida Rules of Civil Procedure, 1.350, hereby requests the Plaintiff, DAVID RORIE, to respond to each Request for Production and produce the requested documents to Jean Marie Middleton, Esq., The School Board of Palm Beach County, Florida, 3300 Forest Hill Boulevard, Suite C-331, West Palm Beach, FL 33406, jean.middleton@palmbeachschools.org and veronica.velez@palmbeachschools.org within thirty (30) days of service of this Request attached hereto.

### I. Definitions and Instructions

1. "Complaint" means the "Verified Complaint" which was filed in this action on February 25, 2022.
2. "Document" means any document in your custody, possession or control, including, but not limited to, any printed, written, recorded, taped, electronic, graphic, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or

1

attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, telex communications, cables, notes, notations, papers, newsletters, memoranda, inter-office communications, releases, agreements, contracts, books, pamphlets, studies, minutes of meetings, recordings or other memorials of any type of personal or telephone conversations, meetings or conferences (including, but not limited to, telephone bills and long distance charge slips), reports analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, cancelled or uncancelled checks or drafts, vouchers, charge slips, invoices, purchase orders, hotel charges, accountant's reports, financial statements, newspapers, periodical or magazine materials, and any material underlying, supporting or used in the preparation of any documents.

3. "Plaintiff" means the Plaintiff, David Rorie, and any employee, agent or attorney for Plaintiff and any other person acting for, or on behalf of Plaintiff, or under Plaintiff's authority or control.

4. "Defendant" means the Defendant, Palm Beach County School Board, and any employee, agent or attorney for Defendant, and any other person acting for or on behalf of Defendant's authority and control.

5. Any document as to which a claim of privilege is or will be asserted should be identified by author, signatory, description (*e.g.,* letter, memorandum, telex, recording, etc.), title (if any), date, addresses (if any), general subject matter, present depository and present custodian and a complete statement of the ground for the claim of privilege should be set forth.

6. If it is maintained that any document which is requested has been destroyed, set forth the contents of the document, the date of such destruction and the name of the person who authorized or directed such destruction.

7. If any of the documents cannot be produced in full, produce to the extent possible, specifying the reasons for the inability to produce the remainder.

8. The time period for this document request shall be from August, 2018 to the date of production, unless otherwise specified.

9. This request is a continuing one. If after producing documents, you become aware of any further documents responsive to this request, you are required to produce such additional documents.

## II. **DOCUMENTS TO BE PRODUCED**

1. All documents that relate to or support Plaintiff's allegations contained in the Amended Complaint, Counts I and VI.

2. All documents that relate to or support your alleged damages as stated in the WHEREFORE clauses of the Amended Complaint.

3. All documents, diaries, journals, calendars, or similar documents or recordings which relate to the period in which Plaintiff was employed by the Defendant for the years of 2019-2022.

4. All documents including, but not limited to, personal diaries, electronic email, appointment books, calendars, written statements or documents generated within the scope of your employment during the period in which Plaintiff was employed by the Defendant for the years of 2019-2022.

5. All documents containing, referencing or establishing any correspondence between you and Defendant at any time between August 2018, through the present, including but not limited to e-mails, text messages, instant messages, phone records, internet postings, etc.

6. Plaintiff's federal and state (if applicable) income tax returns, including all schedules thereto, W-2 forms, 1099 forms and all other documents which reflect the income Plaintiff earned from any source during the calendar years 2018 to the present.

7. All non-privileged documents describing and/or establishing the damages you seek from Defendant.

8. All correspondence, statements, affidavits, and other documents that Plaintiff has obtained or received from any person relating to and/or substantiating any claims, defenses, facts, and/or allegations in this lawsuit.

9. All documents relevant to your claims and allegations in this case that you received or obtained from any person who you contend may have knowledge of any relevant fact(s) in this case, including but not limited to, any statements, notes, or affidavits.

10. All handbooks, employment manuals, leaflets, procedures, guidelines, memos, bulletins, directives, policies, reports, statements, affidavits, personnel policies, wage statements, tape recordings, video recordings, letters, notes, communications (including e-mails or other computer communication), forms, tangible things, and documents received by Plaintiff at any time from Defendant or any representative of Defendant during the period in which Plaintiff was employed by the Defendant for the years of 2019-2022.

3

11. All charges, complaints, or other documents filed at any time by or on behalf of the Plaintiff with any governmental (Florida, state, local, or foreign) entity within the past five (5) years concerning his employment with the School District of Palm Beach County.

12. All correspondence to or from any governmental entity (Florida, state, local, or foreign) pertaining to Plaintiff within the past five (5) years concerning his employment with the School District of Palm Beach County.

13. Copies of every petition or complaint filed by Plaintiff in any court of the United States, any state or territory thereof, or any foreign country (this request includes, but is not limited to, administrative proceedings).

14. All documents that you contend contain admissions made by the Defendant, or anyone acting on its behalf, relevant to the issues in this Action.

15. All documents which constitute, embody, discuss, mention, or relate in any way to any communication(s) or complaints sent by you to Defendant's management including the period when you were employed by Defendant to the present.

16. All documents which constitute, embody, reflect, discuss, mention or relate in any way to any statements of witnesses or potential witnesses interviewed in connection with your Amended Complaint during the period in which Plaintiff was employed by the Defendant for the years of 2019-2022.

17. All documents which discuss, mention or relate in any way to any meetings, conversations or other communications you had at any time with any current or former employee, independent contractor, representative or agent of Defendant which relate to this Action or the subject matter of any of the allegations in your Amended Complaint.

18. An executed copy of the attached release to obtain medical, psychiatric, and/or psychological records concerning Plaintiff.

19. All documents in your possession or control which you believe are relevant to your claim(s) I and VI, in this lawsuit which are not produced in response to any other paragraph contained in this Request for Production of Documents.

20. All documents that concern, chronicle, reference, support, relate to in any way, or otherwise evidence, either directly or indirectly, the allegations contained in Plaintiff's Amended Complaint that have not already been produced.

21. All documents not otherwise requested that Plaintiff may introduce at a deposition, hearing, or trial in this matter.

22. The resume of any expert to be used by you at trial.

23. All documents used and relied upon by your expert(s) to form an opinion as to any issue in this case.

24. All documents which you have provided to an expert(s) in connection with this litigation.

25. All reports generated by your expert(s) in the above-captioned cause of Action.

26. All reports generated by your expert(s) in any other employment-related cases.

27. All correspondence between you or your attorney(s) and any expert witness you intend to call at the trial in this Action.

28. All documents that reflect any efforts by you to mitigate any of the damages alleged in this Action.

29. All photographs, videos, or other recordings that depict or relate to any of the events described in your Amended Complaint.

30. All documents that you believe may be used to refute or rebut Defendant's defenses, including documents that you believe may be used to demonstrate that Defendant's reasons for employment decisions about you were pretextual.

31. All documents that you provided to your attorney(s) in this case which are not claimed to be protected by the attorney-client privilege.

32. All documents that Plaintiff obtained or removed from Defendant's property, in any manner, during the period in which Plaintiff was employed by the Defendant for the years of 2019-2022.

33. Copies of all documents produced to you or your attorneys by any third-party in relationship to this action, whether in response to a subpoena, public records request, Freedom of Information Act request, or other request, whether formal or informal.

34. All documents, correspondence, including emails, which discuss, mention or relate in any way to any meeting, conversations or other communications you had at any time with any current or former employee, independent contractor, representative or agent of Defendant, which relate to this Action or the subject matter of any of the allegations in your Amended Complaint.

35. All documents, correspondence, including emails, which discuss, mention or relate in any way to any meetings, conversations or other communications you had at any time with any current or former employee, independent contractor, representative or agent of Defendant, which relate to your employment with Defendant.

36. With respect to the e-mail accounts, internet accounts, blogs or social media websites you have had from January 1, 2017, to the present, please produce copies of:

    a. Your complete profile on Facebook, LinkedIn, Twitter, Instagram, Pinterest, Google+, and all other social networking sites (including all

    updates, changes, or modification to your profiles) and all status updates, messages, wall comments, cause(s) joined, group(s) joined, activity streams, blog entries, details, blurbs, comments, and application postings, which support, tend to support, refute, tend to refute, or relate to your claims or damages alleged in this lawsuit.

 b. Your profiles, postings, or messages referring to your employment with Defendant or the subject matter of this lawsuit, including your claimed damages.

 c. With respect to any Facebook account you may have, we request a copy of the activity log or any other screen shot available through Facebook.

 d. All photographs or videos posted by you, by anyone on your behalf or photographs which you have been "tagged" on any websites which support, tend to support, refute, or relate to your claims or damages alleged in this lawsuit, including any photographs or videos which may reflect times when you were not performing work for Defendant and/or reflecting the performance of your job duties with Defendant; and

 e. Copies of your e-mails, e-mail forwards, replies to e-mails, instant messages, chat room posts, web log/blog entries or comments that concern, tend to support, refute, tend to refute, or relate to your claims or damages alleged in this lawsuit, including any information which may reflect times when you were not performing work for Defendant and/or reflecting the performance of your job duties with Defendant.

37. Any and all audio recordings or electronically stored recordings which relate to the allegations contained in your Amended Complaint Counts I and VI, including but not limited to your own memoranda, voicemail messages, or recordings of conversations.

38. Any and all documents that support and/or relate to the allegations contained in Paragraph 60 through Paragraph 68, of the Amended Complaint.

39. Any and all documents that support and/or relate to the allegations contained in Paragraph 88 through Paragraph 98, of the Amended Complaint.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 23, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.
.

                                THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA
Shawntoyia Bernard, General Counsel
3300 Forest Hill Blvd., Suite C-331
West Palm Beach, FL  33406
Telephone: (561) 434-8750
Facsimile:  (561) 434-8105
jean.middleton@palmbeachschools.org
veronica.velez@palmbeachschools.org
mary.quesada@palmbeachschools.org

By:  */s/ Jean Marie Middleton, Esq.*
     JEAN MARIE MIDDLETON, ESQ.
     Florida Bar No.:  147532
     *Counsel for the Defendant*

**SERVICE LIST**
Anthony Georges-Pierre, Esq.
Remer, Georges-Pierre & Hoogerwoerd, PLLC.
2745 Ponce De Leon Boulevard
Coral Gables, FL  33134
jcosta@rgpattorneys.com
agp@rgpattorneys.com
aziani@rgpattorneys.com
agp@ecf.courtdrive.com,
agpassistant@rgpattorneys.com,
mhorowitz@rgpattorneys.com,
pn@rgpattorneys.com
*Counsel for Plaintiff*

# HIPAA AUTHORIZATION FORM

_____    _____
Patient's Full Name                                    Patient's Social Security Number

_____    _____
Address                                                        Patient's Date of Birth

_____    _____
City, State, Zip Code                                    Patient's Telephone Number

I hereby authorize use or disclosure of protected health information about me as described below.

1. The following person (or entity) is authorized to request my protected health information subject to the limitations below:

<u>The School District of Palm Beach County – Jean Marie Middleton, Esq.</u>
Name

<u>3300 Forest Hill Blvd., Suite C-331</u>
Address

<u>West Palm Beach, Fl. 33406</u>
City, State, Zip Code

<u>veronica.velez@palmbeachschools.org</u> , <u>jean.middleton@palmbeachschools.org</u>
Email Address

2. The specific information that should be disclosed is: _____

_____

I authorize the disclosure of the following types of highly sensitive information

**x** Mental Health (psychiatric)   **x** Drug & Alcohol   **x** Testing & Treatment

3. I may revoke this authorization by notifying _____ in writing.

4. My purpose for this information is for **Legal Purposes – Case # 9:21-cv-81865-AMC**

5. This authorization expires on **March 27, 2024** OR upon **Production of ALL Records.**

_____    _____
Signature of Individual                                    Date

_____    _____
Signature of Parent/Guardian                         Date