**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO. 9:21-cv-81865-AMC**

**DAVID RORIE,
Plaintiff,**

vs.

**SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA,
Defendant.**
_____/

## DEFENDANTS' AMENDED STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS FULLY DISPOSITIVE MOTION FOR SUMMARY JUDGMENT

1. Mr. Rorie was a Custodial Foreperson[1] at Spanish River High School who initially filed an Eleven Count Complaint alleging discrimination based on disability, religion, race, retaliation, hostile work environment and retaliatory hostile work environment.

2. Mr. Rorie claimed discrimination and retaliation under Florida Civil Rights Act of 1992 (FCRA), Fla *Stat. Section 760, et seq.*, Title VII, and ADA. [DE 28 at ¶8.]

3. This case is traveling under a Second Amended Complaint with only Counts I and VI alleging disability discrimination.

4. Mr. Rorie is alleging that he was discriminated against due to his disability when he received criticism and multiple write-ups by Principal Castellano.

5. Plaintiff's Second Amended Complaint does not allege any other alleged adverse actions relative to the claims of disability discrimination claims.

### *David Rorie*

6. At all times material to this case, David Rorie was employed by the School District as a Custodial Foreperson and Lead Custodian at Spanish River High School ("Spanish River"). [Ex. 1- Deposition of David Rorie p. 19 lines 12-19 and p. 25 lines 2-8]

7. As Custodial Foreperson, Mr. Rorie was responsible for supervising the custodial staff and maintaining school cleanliness. [Ex. 1 p. 24 lines 7-23.]

---

[1] Mr. Rorie states in his Second Amended Complaint that he was as Lead Custodian. His official title was Custodial Foreperson.

8. Mr. Rorie was trained in the appropriate methods of cleaning a school. [Ex. 1 p. 23 line 13 – page 24 line 6; p. 41 line 5 – p. 43 line 16 and attachment "1" thereto.]

9. Mr. Rorie never told anyone at Spanish River that he had a disability nor was he regarded as having a disability as evidenced in [Ex. 1 p. 28 lines 5-22.]

10. By his own admission, Mr. Rorie was not qualified to perform the duties of a Custodial Foreperson. He specifically makes a statement of fact in his Second Amended Complaint. [DE 28 at ¶48.]

11. This statement is substantiated by the documented memoranda Mr. Rorie received addressing his performance deficiencies and the Memorandum of Assistance he was placed on. [Ex. 1 attachments.]

### *William Latson*

12. Relative to this lawsuit, Mr. Latson was principal of Spanish River High School from 2010 until August of 2018.

13. Mr. Latson was Mr. Rorie's evaluator from 2010 until 2018. [Ex. 2 Composite attachment "B" thereto.]

### *Joshua Wade*

14. Mr. Wade was hired in the Spring of 2019 as an Assistant Principal at Spanish River High School. [Ex. 2 Affidavit of Allison Castellano and attachment "A" thereto.]

15. In the Fall of 2019, Mr. Wade was assigned the responsibility of custodial and facility issues by Mr. Latson.[Ex. 2 Affidavit of Allison Castellano and attachment "A" thereto.]

16. On July 16, 2019, Mr. Wade met with Mr. Rorie to discuss the state of the campus and the need to prepare it for school opening and the start of a new Principal. [Ex. 2 Affidavit of Allison Castellano and attachment "A" thereto.]

17. Mr. Wade continued to meet with Mr. Rorie to coach him with regard to his performance issues. [Ex. 2 attachment "A" thereto.]

### *Allison Castellano*

18. Ms. Castellano became Principal of Spanish River High School effective July 1, 2019. [Ex. 2 Affidavit of Ms. Castellano at ¶2.]

19. As Principal, among other duties, Ms. Castellano is responsible for providing a clean, safe and nurturing school environment. Additionally, she is responsible for hiring highly qualified and effective employees and providing frequent constructive feedback to staff on

      progress towards goals. [Ex. 2 Affidavit of Ms. Castellano at ¶2.]

20. Ms. Castellano delegated the responsibility of supervising custodians to Mr. Wade.

21. Mr. Wade made Ms. Castellano aware that in September/October of 2018 teachers began complaining about the lack of cleanliness at Spanish River High School. [Ex 2 attachment "A".]

22. In October of 2019, Mr. Wade made her aware of the performance issues that Mr. Rorie was currently having. [Ex. 2 attachment "A" thereto.]

23. Ms. Castellano never received any medical information regarding Mr. Rorie. As admitted by Mr. Rorie, Ms. Castellano was not aware that he had a disability. [Ex. 1 p. 28 lines 5-22, Ex. 2 at ¶ 24 and Ex. 3.]

### *School Cleanliness*

24. On October 10, 2018, Mr. Latson received a survey from the Employee Building Committee with complaints about custodial issues. [Ex 2 attachment "A" thereto.]

25. Mr. Latson gave directions to the Employee Building Committee (EBC) Chair as to how teachers should fill out complaints for custodial issues on campus. [Ex. 2 ¶ Affidavit of Allison Castellano and attachment "A" thereto.]

26. Mr. Rorie was aware that there were complaints from the EBC regarding teacher complaints that classrooms weren't being cleaned. [Ex. 1 p. 39 lines 5-9.]

27. As a result of the teacher complaints, on November 30, 2018, Mr. Latson set up training for all custodians with regard to maintaining the cleanliness of the school. Mr. Rorie attended the scheduled training. [p. 41 lines 5- p. 43 line 16 and Ex 1 attached thereto.]

28. On December 5, 2018, Mr. Latson requested the same training for the day-time custodians. [Ex. 2 and attachment "A" thereto.]

29. On December 15, 2020, Spanish River received a failing score of 64% on the District Facility Cleanliness Report. [Ex. 1 attachment "20" thereto.]

### *Documented Performance Issues*

30. On October 22, 2019, Mr. Rorie received a Memorandum regarding policies/procedures/job knowledge, written/oral assignments and poor performance relative to teacher complaints, failure to follow directions, attendance/punctuality and poor judgment. [Ex. 1 attachment "5" thereto.]

31. On December 2, 2019, Mr. Rorie received a Memorandum regarding his continued

performance deficiencies in the areas of job knowledge, written/oral assignments relative to failure to do routine inspections of subordinate work, poor inspection report on November 22, 2019, restrooms remaining below district standards and poor judgment. [Ex. 1 attachment "6" thereto.]

32. On December 16, 2019, a Directive for Immediate Action was issued to Mr. Rorie regarding a teacher complaint relative to restrooms not being cleaned on Friday, December 13, 2019 and failure to notify Mr. Wade of cleaning schedules and what was not completed on Friday night. [Ex. 1 attachment "8" thereto.]

33. On January 6, 2020, another Directive for Immediate Action was issued to Mr. Rorie directing him to provide Ms. Castellano and Mr. Wade with his detailed schedules showing responsibilities when 1, 2 or 3 custodians are out and directives for communicating with the day custodian. [Ex. 1 attachment "8" thereto.]

34. On that same day, Mr. Rorie was issued a Directive to meet with the Performance Standards Manager regarding his performance deficiencies using a Memorandum of Assistance. [Ex. 1 attachments "11" and "12" thereto.]

35. On January 7, 2020, Mr. Rorie was issued a Memorandum for poor professional judgment when he smelled gasoline in a custodial storage area and notified School Police, who dispatched Boca Raton Fire & Rescue, but did not notify school staff. [Ex. 1 attachment "13" thereto.]

36. On January 9, 2020, a meeting was held with Mr. Rorie, Mr. Ronald LaPorte (Union Representative), Principal Castellano, Assistant Principal Wade and Kevin Butanowicz (Human Resources Manager) for Mr. Rorie's First Performance Plan Meeting. [Ex. 1 attachment "14" thereto.]

37. On that same day, Mr. Rorie was issued a Memorandum of Assistance due to six areas of concern on his Non-Instructional Evaluation Form 0088. [Ex. 1 attachments "14" and "15" thereto.]

38. On January 14, 2020, Mr. Rorie was issued a Notice to Meet, directing him to attend a mandatory meeting on Thursday, January 16, 2020 with Principal Castellano to discuss a schedule change. [Ex. 1 attachment "16" thereto.]

39. On August 27, 2020, Mr. Rorie attended a meeting with Assistant Principal Wade to discuss policies and procedures surrounding COVID 19 cleaning procedures and

paperwork. [Ex. 1 attachment "17" thereto.]

40. On October 6, 2020, Mr. Rorie was issued a Memorandum regarding inspections revealing non-adherence to COVID-19 cleaning standards as well as District cleaning standards. [Ex. 1 attachment "10" thereto.]

41. On February 3, 2021, Mr. Rorie received a Verbal Reprimand with Written Notation for failure to fulfill the responsibilities of a Custodial Foreperson, poor judgment/modeling unprofessional behavior and insubordination. [Ex. 2 attachment "M" thereto.]

42. Mr. Rorie took a leave of absence effective February 13, 2021 and did not return to Spanish River High School. [Ex. 2 attachment "N" thereto.]

43. Mr. Rorie did not complete the Memorandum of Assistance Plan that was initiated on January 9, 2020. [Ex. 2 attachment "N" thereto.]

### *Leaves of Absence to Care for Wife*

44. Mr. Rorie did not begin taking leaves of absence until after he had received three memorandums regarding his performance deficiencies. [Ex. 1 attachments 5, 6 and 8.]

45. On December 17, 2019, Mr. Rorie addressed an email to Ms. Lisa Core, Confidential Secretary, submitting a Leave Request Form for intermittent leave to care for his wife. [ Ex. 1 attachment "7" thereto.]

46. Ms. Core forwarded the form to Ms. Castellano who signed it on December 18, 2019. [Ex. 2 attachment "N" thereto.]

47. Ms. Core did not provide Ms. Castellano with any medical information attached to his leave request form. Mr. Rorie documented use of Intermittent Leave hours is referenced in [Ex. 2 ¶ 10 and attachment "E" thereto.]

### *Leave of Absence for His Own Illness*

48. On February 14, 2021, Mr. Rorie first requested and received a leave of absence without [Composite Ex. 2 ¶ 21 and attachment "N" attached hereto.]

49. On February 15, 2021, Confidential Secretary, Lisa Core, provided Ms. Castellano with the request form and she signed it. However, she did not review any medical information. [Composite Ex. 2 ¶ 21 and attachment "N" attached hereto.]

50. On April 12, 2021, Mr. Rorie requested and was granted an extension of his leave until June 30, 2021. [Composite Ex. 2 ¶ 21 and attachment "N" attached hereto.]

51. On January 27, 2022, Mr. Rorie received and was granted an extension of his leave until

February 12, 2022. [Composite Ex. 2 ¶ 21 and attachment "N" attached hereto.]

52. On February 14, 2022, Mr. Rorie requested and was granted an extension of his leave until June 30, 2022. [Composite Ex. 2 ¶ 21 and attachment "N" attached hereto.]

53. On June 20, 2022, Mr. Rorie was notified that his request for an extension of his leave for FY 2022 – 2023 was denied as he had exhausted all of his available leave. [Ex. 3 Affidavit of Wanda Cummings.]

54. On July 11, 2022, Mr. Rorie was notified by the former Director of Professional Standards, Vicki Evans Pare, that his leave expired on June 30, 2022 and his failure to return to work on July 6, 2022 was considered unauthorized absence and job abandonment. [Ex. 2 attachment "O" thereto.]

55. Mr. Rorie was directed to respond to the letter and return to work immediately or take other action. [Ex. 2 attachment "O" thereto.]

56. On July 13, 2022, Principal Castellano notified Mr. Rorie via letter that he was expected to return to work on July 1, 2022, after his leave expired on June 30, 2022. He was further notified that since he did not respond, his resignation was being accepted at the regularly scheduled board meeting set for August 17, 2022. [Ex. 2 attachment "O" hereto.]

57. Principal Castellano signed off on Mr. Rorie's requests for leaves of absence. [Ex. 2 ¶ 24 attached hereto.]

58. While Mr. Rorie submitted medical information to the School District Human Resources Office, Ms. Castellano did not receive any medical documentation and was not aware that Mr. Rorie had a disability. [Ex. 2 ¶ 24 and Ex. 3 Affidavit of Wanda Cummings.]

59. The memorandums Mr. Rorie received were all based on his documented performance issues and were not related to any disability. [Ex. 2 ¶ 24]

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 20, 2023, I certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

.

THE SCHOOL BOARD OF PALM BEACH
COUNTY, FLORIDA
Shawntoyia Bernard, General Counsel
3300 Forest Hill Blvd., Suite C-331
West Palm Beach, FL  33406
Telephone: (561) 434-8750
Facsimile:  (561) 434-8105
jean.middleton@palmbeachschools.org
sarah.weber@palmbeachschools.org
veronica.velez@palmbeachschools.org
mary.quesada@palmbeachschools.org

By: */s/ Jean Marie Middleton*
Jean Middleton, Esquire
Florida Bar No.:  147532
Sarah G. Weber, Esquire
Florida Bar No.: 40793

**SERVICE LIST**
Anthony Georges-Pierre, Esq.
Remer, Georges-Pierre & Hoogerwoerd, PLLC.
2745 Ponce De Leon Boulevard
Coral Gables, FL  33134
jcosta@rgph.law
agp@rgph.law
agpassistant@rgph.law
aziani@rgpattorneys.com
pn@rgpattorneys.com
rgphlitigation@rgph.law
*Counsel for Plaintiff*